BAKKEN LAW FIRM
LORIS L. BAKKEN (California State Bar No. 215033)
2715 W. Kettleman Ln., Ste. 203, #334
Lodi, California 95242
Telephone: (209) 251-6672
Facsimile: (209) 370-8911
Email: loris@bakkenlawfirm.com

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

ADIS BEY,

            Debtor.

NO: 21-90301-E-7

DCN: BLF-2

**CHAPTER 7 TRUSTEE GARY R. FARRAR'S OBJECTION TO EXEMPTIONS**

Date: September 30, 2021
Time: 10:30 a.m.
Place: Department E - Sacramento
The Honorable Ronald H. Sargis

     Pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, Chapter 7 Trustee Gary R. Farrar respectfully submits this objection to the Debtor's claim of exemption in real property located at 2416 Southridge Dr., Modesto, California 95350 (the "Property"). The Debtor claims an exemption in the Property of "100% of fair market value." As a result, Mr. Farrar is unable to determine the appropriate statutory limit or whether the value of the Property exceeds the applicable statutory limit and he must object to the Debtor's claimed exemptions to avoid binding the estate to accept potentially improper exemptions.

## I.
## JURISDICTION

     This Court has jurisdiction over this objection pursuant to 28 U.S.C. Sections 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409. Consideration of this objection is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(B),

CHAPTER 7 TRUSTEE'S
OBJECTION TO EXEMPTIONS       1

and the Trustee consents to the entry of a final judgment by the Bankruptcy Judge assigned to this case.

## II.
## STATEMENT OF FACTS

On June 28, 2021, the Debtor filed this case. Gary R. Farrar is the Chapter 7 Trustee. (Doc. No. 1).

In her schedules, the Debtor disclosed the Property with a value of $372,700.00. (Doc. No. 1).

In her Schedule C, the Debtor claims the Property exempt, under California Code of Civil Procedure Section 704.730, as "100% of fair market value" by checking the box next to that phrase, and she did not state the dollar amount of the exemption. (Doc. No. 1).

On July 15, 2021, Mr. Farrar's counsel, Loris L. Bakken, sent an email to Debtor's counsel, Gary Fraley, requesting that the Debtor amend her schedules to include a dollar amount for the exemption of the Property as required by Section 704.730. Ms. Bakken requested that the amendment be filed before the Section 341 meeting of creditors scheduled for August 19, 2021. The Debtor has not amended her schedules. (Bakken Decl., ¶ 2).

## III.
## THE COURT SHOULD SUSTAIN THE TRUSTEE'S OBJECTION TO THE DEBTOR'S EXEMPTION BECAUSE THE DEBTOR FAILED TO CLAIM THE EXEMPTION ONLY UP TO THE STATUTORY LIMIT

Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure states:

> "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under Section 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."

Mr. Farrar conducted the meeting of creditors on August 19, 2021, and the Continued Meeting of Creditors is scheduled for September 30, 2021. (Farrar Decl., ¶ 2).

In *Taylor v. Freeland Kronz*, 503 U.S. 638, 643-44 (1992), the United States Supreme Court determined that upon the expiration of the deadline to object to exemptions, the Trustee could not file an objection "whether or not [Debtor] had a colorable statutory basis for claiming it." *Id.*

CHAPTER 7 TRUSTEE'S
OBJECTION TO EXEMPTIONS     2

In addition, the United States Supreme Court has determined that "an interested party must object to a claimed exemption if the amount the debtor lists as the "value claimed exempt" is not within statutory limits. . .." *Schwab v. Reilly*, 560 U.S. 770, 790 (2010).

"Schedule C entries listing the value of a claimed exemption as "unknown," "to be determined," or "100%" are " 'red flags to trustees and creditors,' and therefore put them on notice that if they do not object, the whole value of the asset--whatever it might later turn out to be--will be exempt" *Id.*, 789 n.16 (quoting *In re Barroso-Herrans*, 524 F.3d 341, 345 (1st Cir. 2008)).

In California, statutory limits apply to property exempted under California Code of Civil Procedure Sections 703.140(b) and 704, and the exemption should be claimed only up to that statutory limit.

Section 704.730(a) states:

> "The amount of the homestead exemption is the greater of the following:
>
> (1) The countywide median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed six hundred thousand dollars ($600,000).
>
> (2) Three hundred thousand dollars ($300,000)."

In the instant case, Debtor has claimed an exemption in the Property by checking the box for "100% fair market value." As a result, Mr. Farrar is unable to determine the appropriate statutory limit or whether the value of the Property exceeds the applicable statutory limit and he must object to the Debtor's claimed exemptions to avoid binding the estate to accept potentially improper exemptions.

Therefore, this Court should deny the Debtor's claim of exemption in the Property because by checking the box for "100% fair market value," she has failed to state the dollar amount of the exemption and has potentially claimed a larger sum exempt than is available under Section 704.730.

CHAPTER 7 TRUSTEE'S
OBJECTION TO EXEMPTIONS                    3

## V.
## CONCLUSION

Mr. Farrar respectfully requests that the Court sustain this objection and that it grant other and further relief as the Court deems appropriate.

Dated: August 24, 2021　　　　　　　　　　　BAKKEN LAW FIRM

　　　　　　　　　　　　　　　　　　　　　　By: _/s/ Loris L. Bakken_
　　　　　　　　　　　　　　　　　　　　　　　　　LORIS L. BAKKEN
　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Chapter 7 Trustee
　　　　　　　　　　　　　　　　　　　　　　　　　GARY R. FARRAR

CHAPTER 7 TRUSTEE'S
OBJECTION TO EXEMPTIONS　　　　　4