9

Gary Ray Fraley, Esq. - SBN: 080056
FRALEY & FRALEY PC
1401 El Camino Avenue, Suite #370
Sacramento, CA 95815-2747
Ph: 916-485-5444
Email: fraleyandfraley@gmail.com

Attorney for ADIS BEY

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>ADIS BEY<br><br><br><br>Debtor, | Case No. 2021-90301-E-7<br><br>DCN: BLV-2<br><br>Chapter 7<br><br>**RESPONSE TO CHAPTER 7 TRUSTEE GARY R. FARRAR'S OBJECTION TO EXEMPTIONS**<br><br>Hearing Date: September 30, 2021<br>Hearing Time: 10:30 a.m.<br>Hon. Ronald H. Sargis<br>Courtroom 33 |

Dated: September 16, 2021

## JURISDICTION

1. Debtor's Attorney agrees with the Trustee that this Court has jurisdiction to adjudicate this dispute.

## FACTS

2. Debtor's Attorney does not dispute the facts presented in this Objection to Debtor's Claim of Exemption.

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

1

3. Debtor's Attorney does not dispute the fact that the amount of the exemption is marked as "100% of fair market value, up to any applicable statutory limit."

## ARGUMENT

4. **Mr.** Bey is entitled to 100% of any applicable limit and **he** has the right to do so for the reasons stated below.

5. Trustee Gary Farrar and his attorney Loris Bakken have demanded that I change to exempt a specific amount of the homestead equity and not use the "100%" method provided on the approved bankruptcy forms.

6. I have advised Trustee Gary Farrar and his attorney Loris Bakken that is not **Mr. Bey's** Attorney's plan to change this method of claiming an allowed method of exemption without the specific order of this Court to do so.

7. I have invited Trustee Gary Farrar and his attorney Loris Bakken to join me and meet with the U.S. Trustee's Office, or meet with Judge Klein (see below why this suggestion was made) or better yet, meet with as many Judges as possible at one time to discuss the issue presented here.

8. Given the possible ramifications with respect to all bankruptcy cases filed now or in the future, it made sense to do this in a manner that avoided conflict and hearings that might not be needed. Rather than do that, where they had plenty of time to object to this method if it was necessary, they have chosen instead to invest their time and mine to deal with this as a motion.

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

2

9. "Trustee's Objection to the Claim of Exemption" leaves a number of things out that are in fact highly relevant to the determination of what should be used for the homestead exemption.

10. **First**, Trustee Gary Farrar and Mr. Fararr's attorney Loris L. Bakken fail to explain why the Bankruptcy Exemptions on Schedule "C" specifically provides for this method to claim an exemption. Yet, they claim that it cannot be used. I see no discussion in this Objection nor any evidence whatsoever being provided as to why they think they legally require anyone to use a method that is plainly available by the fact that it exists on the bankruptcy forms approved for use in every bankruptcy case in the United States and the Territories it governs. They have cited no Bankruptcy Code or case law whatsoever in support of this proposition.

11. It has become apparent that several Chapter 7 Trustees are upset with Debtor's Attorney because Debtor's Attorney has chosen to use the law as allowed. Their complaint seems to be that it is *inconvenient* for them or that they cannot figure out what the amount of equity is for them to be able to determine whether the amount being claimed as exempt is in fact the amount of the allowed exemption. This is despite having all the necessary information placed in front of them.

12. Debtor's Attorney's job is to protect the Debtor's rights, whether or not it is convenient for the Trustees.

13. **Second,** while I cannot find the case where I made a motion to avoid a judgment lien in front of Judge Klein (I am trying to find the case so I can obtain an official transcript to submit to resolve the hearsay rule issue), I used the exemption in the amount of the estimated equity in the real property of that debtor.

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

3

14. My Motion was dropped, and a new motion was made and subsequently granted for *other reasons.*

15. Judge Klein offered Debtor's Attorney a "practice tip." His tip was that I should have used the 100% of the available exemption, not just the equity amount. Judge Klein pointed out that if a creditor came in and opposed Debtor's Attorney's motion and it was determined that there was any equity above dollar amount stated in the Motion and the Schedule "C," I would not be able to avoid the judgment lien even though there were sufficient available homestead exemption amount above what was claimed in the motion.

16. I responded that I had always felt it should be as Judge Klein described, but some bankruptcy Judges disagreed with that position. Judge Klein demanded to know which Judges were not allowing that. Since I could not remember which Judges and when that was the case over the last 4+ decades I have practiced law, I could not provide him that information. He said that no Judge required that we not use the exemption in that manner.

17. Judge Klein told Debtor's Attorney that some bankruptcy software programs were plugging that estimated equity in as the exemption, but that was inaccurate. Judge Klein stated that the fact that some Chapter 7 Trustees may be unhappy with that, but that does not change the law or my client's rights to use the exemption in that manner.

18. Unlike now, this occurred immediately pre-COVID when the exemptions had known and set limits.

---

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

4

19. **Third**, Mr. Fararr's Attorney, in their Objection to the use of this exemption, complains that "**Mr. Fararr is unable to determine the appropriate statutory limit or whether the value of the property exceeds the applicable statutory limit...**".

20. I happen to be in complete agreement with Mr. Fararr as to not being able to determine the "appropriate statutory limit" of the exemption, but for entirely different reasons.

21. Under the new homestead exemptions that went into effect on January 1, 2021, the amount of the exemption for a home varies from county to county. It is based on the "Median sale price" of a single-family detached home in that specific county for the prior calendar year. In this case, that would be the year 2020.

22. I have asked the Trustee to come up with the "Median sale price" for the calendar year 2000 in Stanislaus County, or any county for that matter. I have received no response to my request.

23. I have challenged all of the Trustees to show Debtor's Attorney exact numbers for each county so I can use them. Unfortunately, none of them has come up with that ***exact exemption amount.***

24. There is a reason that there is no response. That reason is **that those numbers do not exist**.

25. Trustees attorney, Loris Bakken, cites §704.730, which, by its terms, states that the Homestead exemption is a **minimum of $300,000** and a **maximum of $600,000**. That is an accurate statement of the homestead exemption law. However, it does not provide an actual dollar amount for each county.

26. As such, Mr. Fararr, all the Trustees, all the Trustee's Attorneys, all the Debtor's attorneys, all the creditor's attorneys, and all the Judges are "in the same boat" as

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

5

they say. Of course, what do we do when we don't have the proper homestead exemption amounts to start with?

27. How I am to provide a Chapter 7 Trustee an exact amount of the homestead exemption is something that none of the Trustees has explained to Debtor's Attorney.

28. However, I have analyzed all 58 counties in the State of California. As to each county (except for two counties that only have the estimated "listing price" as available information), I have taken the "Median sales price" for **each month** of the 12 months for the calendar year 2020 as a point of calculation. I have then **averaged those numbers** to come up with the **average monthly Debtor's median sales price** for each county.

29. However, **that is *not the same* as the actual Median sales price for the year 2020**. It is as close as I believe can be determined.

30. I have provided that information in an Excel spreadsheet to as many of the Trustees as I possibly can to help them **estimate** a rough number for the Homestead exemption. I also have explained exactly where they can find the information came from. I am freely giving it to any Trustee that wants it and to members of the National Association of Consumer Attorneys (NACBA) for their use. I plan to do the same with any Judges who want it and the U.S. Trustee's Office once this Objection is resolved.

31. I have noted over time that the numbers have adjusted slightly up or down for some months in some counties, but it is in minimal amounts that would probably be less than $100.00 difference in the final number.

---

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

6

32. **Fourth,** Debtor's Attorney has provided to Trustee Gary Farrar with all the information he needs to determine the equity and the _**estimated**_ exemption amount in the description of the property in Schedule "C" to have as much information as possible.

33. In **Mr.** Bey's case, Debtor's Attorney has provided the property's **value**, which is $372,700. In the description, we have provided an estimate of the **equity**, which is $79,684.51. That is the amount left after the Nationstar Mortgage **debt** of $293,015.19 (this off by 30 cents.) In the future, if possible and there is room available, I will provide the amount of the debt in the description of the property. However, that information is readily available to the bankruptcy Trustee from Schedule "D."

34. I then put in the _**estimated**_ available **exemption,** which was $357,500. The actual amount is understated, as it should read $367,727. Therefore, the Trustee Gary Farrar has as good of information as Debtor's Attorney has, and the best _**estimate**_ that Debtor's Attorney can provide.

35. Since no one knows the actual amount of the exemption, it is important to protect and exempt whatever that amount might turn out to be. Hence the use of the exemption of "100% of fair market value, up to any applicable statutory limit."

36. Unless or until we can obtain an exact dollar amount for the §704.730 homestead exemption, there is no other appropriate choice.

37. Despite Mr. Ferrar and all the other Trustee's complaints, they have all the necessary information to do their job.

38. I have provided to them all the tools they need to do their job as to this specific issue. Furthermore, they have use of all the same information that Debtor's Attorney has used to make a reasonable _**estimation**_ of the homestead exemption.

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

7



39. Trustee Fararr, Trustee's Attorney Loris Bakken, and other Trustees have told Debtor's Attorney that I am the **only Attorney** in the Eastern District of California that is using this exemption.

40. Just because Debtor's Attorney may be the only Attorney doing it and the Trustees don't like it means that I am, perhaps, a little ahead of the rest of the Debtor's attorneys in figuring out that there is an issue here that needs to be addressed. I am confident that other attorneys in our District and other Districts will soon follow what I am doing.

41. Whether or not I'm the only Attorney using the "100%" figure is not relevant. The only relevant thing is whether or not this process is allowed, especially in the unusual circumstances presented in the new homestead exemption.

42. I have no problem providing all the Trustees in all my cases with the best tools and information available to do their job. If somehow that is inconvenient for them to review the information provided to them that they need is not a matter of my concern. I try hard to work with Trustees and their attorneys but not at the cost of protecting my client's rights.

43. Mr. Fararr completed the questioning of **Mr.** Bey at the §341 Debtor's meeting. He stated on the record that the only issue to resolve was the homestead exemption, which is being done through this motion. He nonetheless continued the Creditor's Meeting to the afternoon of this hearing, requiring **Mr.** Bey to appear again for no valid reason that I can determine.

44. I requested that Mr. Farrar not continue the §341 meeting as it served no valid purpose whatsoever, which he declined to do.

---

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

8

45. I also requested that the §341 meeting be placed further out from this date so that a determination could be made beforehand on this objection, which was also declined.

46. Those actions by Trustee Gary Farrar appear to Debtor's Attorney to be failing to properly do his job as a Trustee and his obligation to act in good faith with respect to Mr. Bey.

**WHEREFORE,**

Debtor and Debtor's Counsel hereby request that Chapter & Trustee Gary R. Farrar's Objection to Exemptions be denied.

Debtor to not be required to attend the §341 meeting of creditors that is set for September 30, 2021.

**FRALEY & FRALEY PC**

Dated September 16, 2021

*/s/ Gary Ray Fraley*
Gary Ray Fraley, Attorney for
Debtor Adis Bey

---

**Debtor's Response to Trustee's Objection to Claim of Exemptions**

9