6

Gary Ray Fraley, Esq. - SBN: 080056
FRALEY & FRALEY PC
1401 El Camino Avenue, Suite #370
Sacramento, CA 95815-2747
Ph: 916-485-5444
Email: fraleyandfraley@gmail.com

Attorney for ADIS BEY

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>ADIS BEY<br><br><br><br>Debtor, | Case No. 2021-90301-E-7<br><br>DCN: BLV-2<br><br>Chapter 7<br><br>**DECLARATION OF GARY RAY FRALEY, ESQ. IN RESPONSE TO CHAPTER 7 TRUSTEE GARY R. FARRAR'S OBJECTION TO EXEMPTIONS**<br><br>Hearing Date: September 30, 2021<br>Hearing Time: 10:30 a.m.<br>Hon. Ronald H. Sargis<br>Courtroom 33 |

Dated: September 16, 2021

1. I am the attorney of record on behalf or Debtor Adis Bey in this matter

2. Trustee Gary Farrar and his attorney Loris Bakken have demanded that I change to exempt a specific amount of the homestead equity and not use the "100%" method provided on the approved bankruptcy forms.

**Declaration of Gary Ray Fraley in Response to Trustee's Objection to Claim of Exemptions**

1

3. I have advised Trustee Gary Farrar and his attorney Loris Bakken that is not my intention to change this method of claiming an allowed method of exemption without the specific order of this Court to do so.

4. I have invited Trustee Gary Farrar and his attorney Loris Bakken to join me and meet with the U.S. Trustee's Office, or meet with Judge Klein (see below why this suggestion was made) or better yet, meet with as many Judges as possible at one time to discuss the issue presented here.

5. Given the possible ramifications with respect to all bankruptcy cases filed now or in the future, it made sense to do this in a manner that avoided conflict and hearings that might not be needed. Rather than do that, where they had plenty of time to object to this method if it was necessary, they have chosen instead to invest their time and mine to deal with this as a motion.

6. I have been told by Trustee Hopper and others that several Chapter 7 Trustees are upset with Debtor's Attorney because Debtor's Attorney has chosen to use the law as allowed. In fact, Mr. Hopper told me in another matter that "this is not going to fly with the other trustees."

7. I have been told by Trustee Farrar as backed up by his Objection, and Trustee Hopper that they cannot figure out what the amount of equity is for them to be able to determine whether the amount being claimed as exempt is in fact the amount of the allowed exemption. This is despite my having placed all the necessary information in front of them.

8. While I cannot find the case where I made a motion to avoid a judgment lien in front of Judge Klein (I am trying to find the case so I can obtain an official transcript to

**Declaration of Gary Ray Fraley in Response to Trustee's Objection to Claim of Exemptions**

2

submit to resolve the hearsay rule issue), I used the exemption in the amount of the estimated equity in the real property of that debtor.

9. My Motion was dropped, and a new motion was made and subsequently granted for *other reasons.*

10. Judge Klein offered me a "practice tip." His tip was that I should have used the "100% of the available exemption," not just the equity amount. Judge Klein told me that if a creditor came in and opposed Debtor's Attorney's motion and it was determined that there was equity above dollar amount that exceeded the debt and the exemption amount I stated in the Motion and the Schedule "C," I would not be able to avoid the judgment lien despite there being sufficient available homestead exemption amount above what was claimed in the motion.

11. I responded that I had always felt it should be as Judge Klein described, but some bankruptcy Judges disagreed with that position. Judge Klein demanded to know which Judges were not allowing that. Since I could not remember which Judges, and when that was the case over the last 4+ decades I have practiced law, I could not answer his question. He said that no Judge required that we not use the exemption in that manner.

12. Judge Klein told me that some bankruptcy software programs were plugging that estimated equity in as the exemption, but that was inaccurate. Judge Klein also told me that the fact that some Chapter 7 Trustees may be unhappy with that, but that does not change the law or my client's rights to use the exemption in that manner.

13. This occurred immediately pre-COVID when the exemption amounts were known.

14. Under the new homestead exemptions that went into effect on January 1, 2021, the amount of the exemption for a home varies from county to county. It is based on the

---

**Declaration of Gary Ray Fraley in Response to Trustee's Objection to Claim of Exemptions**

3

"Median sale price" of a single-family detached home in that specific county for the prior calendar year. In this case, that would be the year 2020.

15. I have asked the Trustee to come up with the "Median sale price" for the calendar year 2000 in Stanislaus County, or any county for that matter. I have received no response to my request.

16. I have challenged all of the Trustees to show Debtor's Attorney exact numbers for each county so I can use them. Unfortunately, none of them has come up with that ***exact exemption amount, because it does not exist.***

17. I have analyzed all 58 counties in the State of California. As to each county (except for two counties that only have the estimated "listing price" as available information), I have taken the "Median sales price" for **each month** of the 12 months for the calendar year 2020 as a point of calculation. I have then **averaged those numbers** to come up with the **average monthly Debtor's median sales price** for each county.

18. However, **that is <u>not the same</u> as the actual Median sales price for the year 2020**. It is as close as I believe can be determined.

19. I have provided that information in an Excel spreadsheet to as many of the Trustees as I possibly can to help them **estimate** a rough number for the Homestead exemption. I also have explained exactly where they can find the information came from. I am freely giving it to any Trustee that wants it and to members of the National Association of Consumer Attorneys (NACBA) for their use. I plan to do the same with any Judges who want it and the U.S. Trustee's Office once this Objection is resolved.

---

**Declaration of Gary Ray Fraley in Response to Trustee's Objection to Claim of Exemptions**

4

20. I have noted over time that the numbers have adjusted slightly up or down for some months in some counties, but it is in minimal amounts that would probably be less than $100.00 difference in the final number.

21. I have provided to Trustee Gary Farrar all the information he needs to determine the equity and the _**estimated**_ exemption amount in the description of the property in Schedule "C" to have as much information as possible.

22. In Mr. Bey's case, I have provided the property's **value**, which is $372,700. In the description, we have provided an estimate of the **equity**, which is $79,684.51. That is the amount left after the Nationstar Mortgage **debt** of $293,015.19 (this off by 30 cents.) In the future, if possible and there is room available, I will provide the amount of the debt in the description of the property. However, that information is readily available to the bankruptcy Trustee from Schedule "D."

23. I then put in the _**estimated**_ available **exemption,** which was $357,500. The actual amount is understated, as it should read $367,727. Therefore, the Trustee Gary Farrar has as good of information as I have, and the best _**estimate**_ that I can provide.

24. I have chosen to use the exemption of "100% of fair market value, up to any applicable statutory limit" because it is the most accurate exemption format available.

25. I have provided all the Trustees the tools they need to do their job as to this specific issue. Furthermore, I have provided where to find all the same information that I used to make a reasonable _**estimation**_ of the homestead exemption.

26. Trustee Fararr, Trustee's Attorney Loris Bakken, and other Trustees have told me that I am the **only** Attorney in the Eastern District of California that is using this

**Declaration of Gary Ray Fraley in Response to Trustee's Objection to Claim of Exemptions**

5

exemption and I believe that to be true. Just because other attorneys march to the tune of the Trustees does not mean that I have to, so long as I am right in the facts and the law.

27. I have no problem providing all the Trustees in all my cases with the best tools and information available to do their job. I try hard to work with Trustees and their attorneys but not at the cost of protecting my client's rights.

28. Mr. Fararr completed the questioning of Mr. Bey at the §341 Debtor's meeting. He stated on the record that the ***only issue*** to resolve was the homestead exemption, which is being done through this motion. He nonetheless continued the Creditor's Meeting to the **afternoon of this hearing**, requiring Mr. Bey to appear again for no valid reason that I can determine.

29. I requested that Mr. Farrar not continue the §341 meeting and pointed out that it served no valid purpose whatsoever, which he declined to do.

30. I also requested that the §341 meeting be placed further out from this date so that a determination could be made beforehand on this objection, which was also declined.

31. Those actions by Trustee Gary Farrar appear to me to be failing to do his job as a Trustee and his obligation to act in good faith with respect to Mr. Bey.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated September 16, 2021



Gary Ray Fraley, Esq

**Declaration of Gary Ray Fraley in Response to Trustee's Objection to Claim of Exemptions**

6