# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

**Case Title:** Adis Bey

**Case No.:** 21-90301 - E - 7
**Docket Control No.** BLF-2
**Date:** 09/30/2021
**Time:** 10:30 AM

**Matter:** [16] - Objection to Debtor's Claim of Exemptions [BLF-2] Filed by Trustee Gary Farrar (jflf)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Michelle Peterson**
**Reporter: Electronic Record**
**Department: E**

**APPEARANCES for:**
**Movant(s):**
Trustee's Attorney - Loris L. Bakken; Trustee - Gary Farrar
**Respondent(s):**
(by phone) Debtor's Attorney - Gary Ray Fraley

## CIVIL MINUTES

Objection Sustained

Findings of fact and conclusions of law stated orally on the record

**The court will issue an order.**

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor, Debtor's Attorney, creditors, and Office of the United States Trustee on August 26, 2021. By the court's calculation, 35 days' notice was provided. 28 days' notice is required.

The Objection to Claimed Exemptions has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local

rule construing a party's failure to file opposition as consent to grant a motion). The defaults of the non-responding parties and other parties in interest are entered.

> **The Objection to Claimed Exemptions is sustained, and the exemption in the Real Property commonly known as 2416 Southridge Dr. Modesto, California is disallowed without prejudice.**

Gary R. Farrar ("the Chapter 7 Trustee") objects to Adis Bey's ("Debtor") claimed exemptions under California law because Debtor claimed 100% of fair market value, instead of claiming specific dollar amounts. California Code of Civil Procedure § 703.140(b) and § 704.730(a) do not allow claiming 100% of fair market value and requires the claimant to list actual values. A review of Debtor's Schedule C shows that real dollar amounts have not been claimed.

In Debtor's response, Dckt. 21, Debtor Attorney makes numerous objections to the position that § 704.730(a) requires a specific dollar amount. The court notes that Debtor's Response is short on any legal authority, and long on argument.

In Chapter 7 Trustee's reply in support of the objection to exemptions, Dckt. 24, Chapter 7 Trustee makes numerous arguments in support of the need for a specific dollar amount.

Although other states may allow for claiming the fair market value, and checking "100% of fair market value, up to any applicable statutory limit" on the Petition Form would be acceptable, California Code of Civil Procedure § 704.730(a) is clear:

> the amount of the homestead exemption is the greater of either (1) the county's median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed six hundred thousand dollars or (2) three hundred thousand dollars.

Therefore, Debtor needs to determine the specific dollar amount as to either § 704.730(a)(1) or § 704.730(a)(2). A specific dollar amount is required to be exempted.

A debtor's attorney does not need to worry about whether they have an accurate appraisal or that a debtor's belief of value is under market, resulting in a trustee selling property, paying the debtor less than the full amount of the exemption, and the bankruptcy estate pocketing part of what should have been the exemption.

The solution is simple. The debtor and debtor's counsel merely need to state the maximum dollar amount of the exemption which the debtor asserts. The court, trustee, and all parties in interest then know what the exemption is, the debtor knows what it is by clearly stating it, and there is no potential for later fights about what was meant by "100% of fair market value, up to any applicable statutory limit," referencing "C.C.P. § 704.730."

For example, there are at least possibly three different homestead exemption amounts that could exist under California Code of Civil Procedure § 704.730. First, there is a minium of $300,000. Second, there is the median sales price for a single family home in the county for up to $600,000. Third, there is a possible double $300,000 exemption for spouses in one homestead property.

The Chapter 7 Trustee's Objection is sustained, and the claimed exemption in the homestead property identified as 2416 Southridge Dr. Modesto, California is disallowed without prejudice.

The Debtor may file an Amended schedule C stating the dollar amount of exemption Debtor is asserting, with that amended Schedule C to be filed on or before November 30, 2021.